FILED
OCT 2 5 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TOM M. SCHAUMBERG
1309 22nd Street, N.W.
Washington, DC 20037

JOAN R. SCHAUMBERG
1309 22nd Street, N.W.
Washington, DC 20037

         Plaintiffs,

v.

HIGH STREET COLUMBIA, LLC
2711 Centerville Road, Suite 400
Wilmington, Delaware 19808

         Defendant.

Civil

CASE NUMBER 1:06CV01829

JUDGE: Reggie B. Walton

DECK TYPE: Contract

DATE STAMP: 10/25/2006

JURY ACTION

## COMPLAINT
(Breach of Contract; Conversion; Unjust Enrichment;
D.C. Consumer Protection Procedures Act, D.C. Code § 28-3901, *et seq.*)

### JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity between the parties and the amount in controversy exceeds $75,000.

2. Venue lies in this Court pursuant to 28 U.S.C. 1391(a)(2) in that all the acts and omissions occurred within the District of Columbia

### PARTIES

3. Plaintiff Tom M. Schaumberg is a resident and citizen of the District of Columbia. Plaintiff Tom M. Schaumberg is the husband of Plaintiff Joan R. Schaumberg.

4. Plaintiff Joan R. Schaumberg is a resident and citizen of the District of Columbia. Plaintiff Joan R. Schaumberg is the wife of Plaintiff Tom M. Schaumberg.

5.      Defendant High Street Columbia, LLC ("High Street Columbia") is a Delaware limited liability company with its principal place of business outside of the District of Columbia.

## FACTS

6.      On or about May 3, 2004, Plaintiffs and High Street Columbia entered into a written agreement ("the Contract") within the District of Columbia for the purchase by Plaintiffs of a condominium unit from High Street Columbia at the Columbia Residences, 2425 L Street, N.W., Washington, DC 20037.

7.      In connection with the Contract, Plaintiffs paid Columbia High Street certain money deposits.

8.      The Contract was a contract of adhesion and contained unconscionable and unenforceable provisions under the common law of the District of Columbia and under the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3904(r).

9.      The Contract provided that, if settlement on the purchase of the condominium did not occur within twenty-four (24) months after the execution of the Contract, the Plaintiffs had the option to terminate the Contract.

10.     At all times relevant herein, Plaintiffs were prepared and able to effect settlement on the condominium that was the subject of the Contract.

11.     Through no act or omission of Plaintiffs, and through the entire fault of High Street Columbia, settlement on the purchase of the condominium did not occur within twenty-four (24) months of execution of the Contract, nor had the condominium been offered for settlement as of the date of filing of this lawsuit, nearly thirty (30) months after the date of the Contract.

12. On or about September 25, 2006, Plaintiffs provided High Street Columbia a notice of termination of the Contract based upon High Street Columbia's failure to effect settlement on the purchase of the condominium within twenty-four (24) months of execution of the Contract.

13. The aforestated September 25, 2006, notice of termination included a demand by Plaintiffs for the return of all monies paid as deposits by Plaintiffs to Columbia High Street.

14. On or about October 5, 2006, High Street Columbia, through counsel, acknowledged receipt of Plaintiffs' September 25, 2006, notice of termination.

15. The aforestated October 5, 2005, acknowledgement of receipt of the September 25, 2005, notice of termination included, *inter alia*, a refusal to return the monies paid by Plaintiffs to Defendant High Street Columbia.

16. The aforestated October 5, 2005, acknowledgement of receipt of the September 25, 2005, notice of termination included, *inter alia*, false and misleading statements under D.C. Code §§ 28-3904(e) and 28-3904(f) by the agent of Defendant High Street Columbia acting in the course and scope of his agency

## COUNT 1
(Breach of Contract)

17. Plaintiffs hereby replead and incorporate by reference each and every allegation set forth above, and further state as follows:

18. At all times relevant herein, there was a legally enforceable, written agreement between Plaintiffs and Defendant High Street Columbia.

19. Defendant High Street Columbia breached the express terms of the legally enforceable, written agreement between Plaintiffs and Defendant High Street Columbia by, *inter alia*, failing to close in a timely manner on the condominium purchased by Plaintiffs, failing to

3

terminate the Contract pursuant to Plaintiffs' demand and failing to return Plaintiffs' money deposits.

20. As the direct and proximate cause of the aforestated breach by Defendant High Street Columbia, Plaintiffs have suffered injuries and damages.

## COUNT 2
(Conversion)

21. Plaintiffs hereby replead and incorporate by reference each and every allegation set forth above, and further state as follows:

22. Defendant High Street Columbia retained Plaintiffs' money deposits after Plaintiffs demanded their return.

23. Defendant High Street Columbia's retention of Plaintiffs' money deposits was unlawful, and Defendant High Street Columbia knew or had reason to know Plaintiffs were entitled to their return.

24. As the direct and proximate result of Defendant High Street Columbia's unlawful exercise of dominion and ownership over Plaintiffs' money deposits, Plaintiffs have suffered injuries and damages.

## COUNT 3
(Unjust Enrichment)

25. Plaintiffs hereby replead and incorporate by reference each and every allegation set forth above, and further state as follows:

26. Defendant High Street Columbia has retained money belonging to Plaintiffs without having provided Plaintiffs any thing of value in exchange for that money.

27. Defendant High Street Columbia has a duty to make restitution of Plaintiffs' money it has retained.

28. As the direct and proximate result of Defendant High Street Columbia's retention of Plaintiffs' money deposits, Defendant High Street Columbia has been unjustly enriched.

### COUNT 4
(D.C. Consumer Protection Procedures Act, D.C. Code § 28-3901, *et seq.*)

29. Plaintiff Tom M. Schaumberg is a "consumer" as that term is defined by D.C. Code § 28-3901(a)(1).

30. Plaintiff Joan R. Schaumberg is a "consumer" as that term is defined by D.C. Code § 28-3901(a)(1).

31. Defendant High Street Columbia is a "merchant" as that term is defined by D.C. Code § 28-3901(a)(3).

32. The condominium which is the subject of the Contract represents "goods and services" as that term is defined by D.C. Code § 28-3901(a)(7).

33. Defendant High Street Columbia violated the D.C. Consumer Protection Procedures Act, *inter alia*, by: misrepresenting a material fact that has a tendency to mislead in violation of D.C. Code § 28-3904(e); failing to state a material fact where such failure tends to mislead in violation of D.C. Code § 28-3904(f); and making and threatening to enforce unconscionable terms and provisions in the Contract in violation of D.C. Code § 28-3904(r).

34. As the direct and proximate result of High Street Columbia's violations of the D.C. Consumer Protection Procedures Act, D.C. Code § 28-3901, *et seq.*, Plaintiffs suffered injuries and damages.

Wherefore, Plaintiffs Tom M. Schaumberg and Joan R. Schaumberg hereby demand judgment against Defendant High Street Columbia, LLC in the full sum of eighty thousand dollars ($80,000) in compensatory damages pursuant to the common law of the District of Columbia, to be trebled pursuant to D.C. Code § 28-3905(k)(1)(A); one hundred sixty thousand

dollars ($160,000) in punitive damages pursuant to the common law of the District of Columbia and D.C. Code § 28-3905(k)(1)(C); attorneys' fees pursuant to D.C. Code § 28-3905(k)(1)(B); prejudgment and postjudgment interest; costs pursuant to 28 U.S.C. § 1920; and any such further relief as the Court may order.

## JURY DEMAND

Plaintiffs demand a jury as to all issues triable herein.

Respectfully submitted,

_____
Rodney R. Sweetland, III (D.C. Bar No. 430586)
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036
202-467-6300

October 25, 2006
S500106

# I (a) PLAINTIFFS

Tom M. Schaumberg
Joan R. Schaumberg
1309 22nd Street, N.W., Washington, DC 20036

1001

# DEFENDANTS

High Street Columbia, LLC
2711 Centerville Road, Suite 400
Wilmington, Delaware 19808

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Washington, DC
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Rodney R. Sweetland, III
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036
202-467-6300

ATTORNEYS (IF KNOWN)

CASE NUMBER  1:06CV01829
JUDGE: Reggie B. Walton
DECK TYPE: Contract
DATE STAMP: 10/25/2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|   | PTF | DFT |   | PTF | DFT |
|---|-----|-----|---|-----|-----|
| Citizen of this State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
- [ ] 410 Antitrust

### ○ B. Personal Injury/Malpractice
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- [ ] 151 Medicare Act

Social Security:
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

Other Statutes
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**Personal Property**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**Bankruptcy**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**Property Rights**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**Federal Tax Suits**
- [ ] 870 Taxes (US plaintiff or defendant
- [ ] 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**Other Statutes**
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation

- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(1)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ⊗ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Diversity, 28 U.s.C. Section 1332

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 240,000   Check YES only if demanded in compl.
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE October 25, 2006   SIGNATURE OF ATTORNEY OF RECORD [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.